# 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

DARLING'S EXECUTOR AND OTHERS V. CUMMING AND OTHERS.

January 12, 1911.

Absent, Cardwell and Whittle, JJ.

1. EXECUTORS—*Amount of Compensation—Case in Judgment.*—A testatrix, owning large real and personal estate, appointed her son executor, and also trustee to hold the residuum of her estate until one of her grandchildren became twenty-five years of age. As trustee, he was authorized to sell for the purposes of re-investment any of the real or personal estate, and to re-invest the proceeds after deducting all expenses "including the usual commission of five *per cent.* on such gross sale or sales." The will further provides that "in the settlement of my said son's accounts, both as executor and as trutsee, he be allowed all reasonable expenses, including a commission of five *per centum* on the gross receipts." On the settlement of the son's account as executor there was found to be in his hands $83,-614.48, of which $8,930.48 was cash, $73,050 was in loans secured, and $1,634 was in stocks. The whole balance was then transferred to his account as trustee. The trial court allowed him commission as executor, at five *per cent.* on only $8,930.48.

   *Held:* The son should have received as executor five *per cent.* on the gross personal estate, including the $73,534 of solvent securities that were transferred to his hands as trustee; and that in the settlement, from time to time, of his accounts as trustee he should receive five *per cent.* commissions on all sales of real estate and personal property held by him as trustee, that he should deem judicious to dispose of for the purpose of re-investment, and also five *per cent.* commissions on the annual income received by him from the trust fund.

2. EXECUTORS—*Compensation—When Fixed by Will.*—A testator has the right to fix what compensation shall be paid to his executor or to a trustee appointed by his will, and the compensation so fixed must be regarded and carried out.

Appeal from a decree of the Circuit Court of Elizabeth City county. Complainant appeals from decrees fixing the amount of his compensation as executor.

*Reversed.*

The opinion states the case.

*Jones & Woodward*, for the appellant.

*S. J. Dudley* and *T. L. Sclater*, for the appellees.

HARRISON, J., delivered the opinion of the court.

What commissions Frank W. Darling, as executor and trustee under the will of Mary A. Darling, deceased, is entitled to, is the question presented by the two decrees appealed from in this cause.

Mary A. Darling died in 1905, leaving a large real and personal estate. The residuary clause of her will is as follows:

"4th. All the rest and residue of my estate of any and every kind and description whatsoever, real, personal and mixed, including stocks, choses in action, bonds and other evidences of debt, I give, bequeath and devise to my son, Frank W. Darling, to be held by him in trust for the benefit of all my grandchildren share and share alike. I desire my said son, Frank W. Darling, to hold together all the property, real or personal, devised or bequeathed in this the 4th clause of my will, and to allow the same to increase from year to year until the oldest child of my daughter, Grace, attains the age of twenty-five (25) years, when I desire my said son, Frank W. Darling, trustee, to pay over and deliver to each grandchild his or her full share of my estate under this clause of my will as each grandchild attains the age of twenty-five (25)

years. Should any one of my said grandchildren die before he or she attains the age of twenty-five (25) years leaving issue or the descendants of any such issue, then I direct that such issue take only the parents share of my said estate.

"I hereby authorize and empower my said son, Frank W. Darling, as trustee under this my last will, to sell and convey such portion or portions of my said real estate and personal property so left in trust from time to time as he may deem judicious, and to invest the net proceeds thereof after deducting all reasonable expenses attending the sale and transfer of same, including the usual commission of five *per cent.* in such gross sale or sales, in such manner as his judgment shall suggest and dictate, to be held upon the same trusts as hereinbefore created and imposed as to the original estate.

"During the period between the date of my decease and the accounting and distribution of said estate as hereinafter prescribed, my said son, Frank W. Darling, as trustee, is hereby authorized to manage and administer the said estate hereby devised and bequeathed according to what in the exercise of his judgment he may deem best, he to invest the rents, issues and profits arising and accruing from time to time from the principal or corpus of the said estate.

"My said trustee, Frank W. Darling, is hereby expressly authorized to make such changes as he may deem proper in the investments of any portion or portions of said corpus or principal. For the manner in which my said son, Frank W. Darling, as trustee, shall discharge the trusts created by this my will he shall not be held liable, except in case of wilful neglect or wrong. I hereby direct that in the settlement of my said son's accounts, both as executor and trustee of this my will, he be allowed all reasonable expenses, including a commission of five *per centum* on the gross receipts. I hereby nominate and appoint my son, Frank W. Darling, executor of this my last will, and request that he be allowed to qualify as such without security."

The will was duly proved and recorded, the executor named therein qualifying and giving bond in the penalty of $300,000.00.

This suit was brought by the executor, asking that the question of his compensation under the will be settled, and that he be guided and instructed from time to time in the administration of the estate.

By decree of January 26, 1909, the cause was referred to a commissioner to have ascertained the personal estate that had or ought to have come into the hands of the executor, and what disposition had been made of the same. The commissioner reported a balance in the hands of the executor of $83,614.48, of which $8,930.48 was cash, $73,050.00 was in loans secured, and $1,634.00 was in stocks. In accordance with the decree of reference, this balance of $83,614.48 of personal estate was transferred to the account of Frank W. Darling, as trustee, and as executor he was only allowed a commission of five *per cent.* on the $8,930.48 of cash that passed to his hands as trustee.

This report was excepted to by the executor, upon the ground that he should have been allowed a commission of five *per cent.* on the gross receipts of the personal estate, including the $73,534.00 of solvent securities that passed into his hands as trustee. This exception was overruled by decree of June 1, 1909, and the report of the commissioner confirmed.

We are of opinion that the circuit court erred in refusing to allow the executor five *per cent.* upon the gross personal estate, including the $73,534.00 of solvent securities that were transferred to his hands as trustee. All question of the commissions to which the executor and trustee is entitled in this case is, we think, clearly settled by the will itself. The testatrix says: "I hereby direct that in the settlement of my said son's accounts. both as executor and trustee of this my will, he be allowed all reasonable expenses, including a commission

of five *per centum* on the gross receipts." When the accounts
of the executor were settled and the entire balance of per-
sonal property in his hands was transferred to him as trus-
tee, he was, under the express terms of the will, entitled to five
*per cent.* commissions thereon. The provision in this clause,
that her son in the settlement of his accounts as trustee should
be allowed all reasonable expenses including a commission of
five *per centum* on the gross receipts, is explained by the tes-
tatrix in a previous paragraph of her will where she says:
"I hereby authorize and empower my said son, Frank W.
Darling, as trustee under this my last will to sell and convey
such portion or portions of my said real estate and personal
property so left in trust from time to time as he may deem
judicious, and to invest the net proceeds thereof, after de-
ducting all reasonable expenses attending the sale and trans-
fer of same, including the usual commission of five *per cent.*
on such gross sale or sales, in such manner as his judgment
shall suggest and dictate, to be held upon the same trusts as
hereinbefore created and imposed as to the original estate."

It thus satisfactorily appears from the will that the tes-
tatrix intended the appellant to receive one commission of
five *per cent.* on the gross solvent personal estate that came
to his hands; and that in the settlement from time to time
of his accounts as trustee he should receive five *per cent.* com-
missions on all sales of real estate and personal property held
by him as trustee, that he, in the exercise of a sound dis-
cretion, should deem it judicious to dispose of for the purpose
of reinvestment. And lastly, that he should receive five *per
cent.* commissions on the annual income received by him from
the trust fund.

It is unnecessary to cite authorities in support of the con-
tention that the commissions allowed by the will are no more
than the law would have sanctioned in this case. The testa-
trix had a right, apart from the law, to fix the compensation

the appellant should receive for the onerous and long continued duties imposed upon him by her will, and having done so her wishes in that regard must be respected and carried out.

The decrees appealed from must be reversed, and the cause remanded for further proceedings not in conflict with this opinion.

*Reversed.*