## CIRCUIT COURT OF THE CITY OF RICHMOND

Lillian N. Banks and
Albert S. Thornton, Sr.

v.

Lillian N. Banks et al.

April 18, 1975

Case No. D-7769

By JUDGE ALEX H. SANDS, JR.

This suit, seeking aid and guidance in the administration of the estate of Lucy Newkirk Thornton, raises two questions.

The first question is whether the outstanding encumbrance of $2,289.91 against the premises located at 608 Maggie Walker Avenue, Richmond, should be a charge against the Thornton estate, or whether the specific legacy itself should be the source from which the encumbrance is paid off. The Court assumes from what was said in argument that the encumbrance represented a personal debt of testator. In such case the answer to the problem appears to be completely answered by *Brown, Adm'r., etc. v. Hargraves*, 198 Va. 748 (1957). While not universally accepted, Virginia accepts and follows the common law rule that in the absence of a statute to the contrary, or a contrary testamentary direction, it is generally held that even though a debt is secured by a mortgage or other lien on land, yet if

it is a personal debt of the decedent, it is to be paid primarily out of testator's personalty.

It is, accordingly, held that the mortgage on 608 Maggie Walker Avenue should be paid out of decedent's personal estate.

The second question presented arises because of the insufficiency of the assets of the estate not specifically devised or bequeathed to satisfy the debts of the estate including expenses of administration. This means, of course, that some of the legacies will have to abate in whole or in part.

It is first necessary that the legacies be classified; i.e., whether they be general, specific, or demonstrative in nature. A general legacy is defined as one with regard to the payment of which the testator expresses no intention beyond the intention that it shall be paid. Such legacy is designated only by quantity or amount and may be satisfied out of the general assets of the estate. The monetary legacies to Maggie Cypress, Margot James, James Cypress, and Ruth Dance (This was by codicil.) are clearly general legacies. *Myers* v. *Myers*, 88 Va. 131 (1891).

All other legacies under Article Two of the will A through F are without question specific legacies (*May* v. *Sherrard*, 115 Va. 617 (1913)), such legacy being defined as the bequest of a particular individualized article or portion of the testator's personal estate, set apart from the balance of his property.

Article Two G.4 purports to bequeath to Vernon James, an infant, "the balance of any savings accounts which I may own" (at the time of her death). At the time of testatrix's death she had a balance of $8,609.86 on deposit in a savings account in a local institution. The question as to whether this legacy is of a general, specific or demonstrative nature is presented to the Court for determination.

The bequest of the balance in the savings account could under no stretch of the imagination be considered a general legacy. It would seem that in view of the language of *Myers* v. *Myers*, 88 Va. 131, it would make little difference, under the facts of this case, whether this legacy was demonstrative or specific. It is, however, held to be specific in nature, for the language of the testator does not merely make a bequest to be paid *from* a specified

source, but it bequeaths the *entire* specific source, whatever the dollar amount might be.

While the Virginia Court does not appear to have addressed itself to the *exact* distinction between demonstrative and specific legacies, the West Virginia Supreme Court has. In the case of *Hobbs* v. *Brenneman*, 94 W. Va. 320, 118 S.E. 546, the Court addressing itself to this precise point says:

> If the reference to a particular fund or object is for the pointing out a mode of payment, it is considered demonstrative, and the legacy may be paid out of the general assets should the particular fund or object fail. But where the legacy is of the fund itself or so charged upon the land as to indicate a clear intention that the fund or object alone shall be the basis of payment, then the legacy is specific, and not demonstrative. . . . 118 S.E. at 551.

This appears to be in line with the reasoning of the Virginia Supreme Court in similar cases. *Jones* v. *Virginia Trust Co.*, 142 Va. 229 (1925).

It is, accordingly, held that the general assets of the estate (i.e., those not specifically devised or bequeathed) being insufficient to satisfy the debts and administrative expenses, the general legacies named above must abate ratably to satisfy these obligations. Should the total abatement of all of the general legacies fail to generate sufficient funds to satisfy the debts and costs of administration, then the specific legacies, including the above savings account, must abate ratably to supply any additional funds needed to satisfy these obligations.