# CIRCUIT COURT OF THE CITY OF NORFOLK

In re Estate of
Hyman J. Fine,
Deceased

February 21, 1995

Case No. (Fiduciary) 923-92

BY JUDGE CHARLES E. POSTON

Hyman J. Fine, a resident of the City of Norfolk, died testate on May 28, 1992. Under the terms of his last will and testament, which was admitted to probate in this Court on May 29, 1992, Crestar Bank qualified as executor.

On March 24, 1994, Crestar filed its final accounting with the Commissioner of Accounts. The final accounting reports that Crestar took for its fee as executor the sum of $48,595.27. In his report filed with the Court on January 18, 1995, the Commissioner, for reasons stated in his report, found that Crestar's fee should be reduced by the sum of $8,000.00. Crestar filed exceptions to the report within the permitted time, and the Court considered those exceptions on February 14, 1995.

In sum, Crestar argues that:

> the reasonableness of Crestar's fiduciary fee is not subject to review by the Commissioner of Accounts because Mr. Fine provided for Crestar's compensation in his will.

Virginia Code § 26-30 provides, in part:

> The commissioner, in stating and settling the account, shall allow the fiduciary any reasonable expenses incurred by him as such; and also, except in cases in which it is otherwise provided, a reasonable compensation, in the form of a commission on receipts or otherwise.

It further argues that the Virginia Supreme Court has recognized a testator's right to fix the amount of compensation to be allowed his executor and urges that the following provision in Article VII of the will sets the amount of compensation to which Crestar is entitled for its services as executor:

> For its services, the bank, or its successor, shall receive the compensation stipulated in its regularly published fee schedule *in effect at the time such compensation becomes payable.*

[Emphasis added.]

During the hearing on February 14, 1995, evidence was offered showing that the testator was meticulous in the management of his affairs; that he discussed Crestar's fee schedule in detail with a Crestar trust officer before he executed the will; that he frequently called upon the trust officer to discuss various aspects of this will and how it would be administered upon his death; and that Crestar's fee schedule had not changed between the time that the testator reviewed it and services were rendered. Thus, Crestar argues, he fixed the amount of compensation for his executor.

Crestar cites *Williams v. Bond*, 120 Va. 678 (1917), in support of its position that where compensation is not provided in the will, the executor's fee shall be fixed by the standard of reasonableness. *Williams* concerned, in part, the fee charged by an executor. The will's provision concerning the executor's compensation read: "I give my said executor the sum of $500.00 as compensation for his services." *Id.* at 680. However, the compensation provision in the *Williams* case sets a sum certain. Under the will's terms, it was unchangeable. The Supreme Court held:

> When a testator fixes the compensation for an executor or trustee under his will and the executor or trustee named therein accepts the appointment, he is entitled to as much and is limited to as little as the testator has fixed.

*Id.* at 686.

In the case at bar, the testator did not fix the executor's compensation. He did state that the fee would be in accordance with Crestar's published schedule of fees in effect at the time services were rendered; however, neither he nor Crestar had any way of knowing what those fees would be *in futuro*. There were no limitations on the fee, and Crestar, in its sole discretion, was free to change its published schedule of fees at any time for any reason.

In *Darling v. Cumming*, 111 Va. 637 (1911), the testator fixed the executor's compensation at five percent of the gross receipts, plus reasonable expenses. The Court recognized that "the testator had a right, apart from the law, to fix the compensation the [executor] should receive." *Id.* at 641. There was an objective standard by which the compensation would be measured. It was not speculative, and it did not give the personal representative the unbridled power to change the fee provisions at will.

Absent a clear, definite provision setting the compensation of an executor, the Court had not only the authority but also the duty to inquire as to the reasonableness of the executor's compensation. This inquiry is normally done through the Commissioner of Accounts, the officer of the Court to whom this responsibility is delegated. His findings and recommendations are subject to review by the Court.

Since the testator did not make a definite, ascertainable provision concerning the compensation for his executor, the executor is entitled to a reasonable fee for its services. Although Mr. Fine may have been meticulous and may have made numerous inquiries of the trust officer, the executor's duties under the will did not commence until his death. Nothing in the accounting, the Commissioner's Report, or the exceptions filed by Crestar reveal that this estate was unusually complicated.

The Court is of the opinion that the Commissioner did not abuse his discretion, that his report was proper, and that the fee he allowed Crestar was reasonable under the circumstances of this case. Thus, the Court will order that the Commissioner's Report be approved, confirmed, and filed.