664 

# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

In re Exceptions
to the Commissioner
of Account's Report
on Account of Sale of Property
Located at 401 Princess Anne Road,
Virginia Beach, Virginia

November 8, 2007

Case No. CL07-4188

BY JUDGE H. THOMAS PADRICK, JR.

This matter is before the Court on Samuel I. White, P.C.'s (hereinafter Trustee) exceptions to the Commissioner of Account's Report pursuant to Virginia Code § 26-33, which rejected the Trustee's commission of $20,450.00 deriving from the foreclosure sale of real property. The Trustee has duly filed a memorandum in support of its position. The Court has conducted a hearing on this matter and, pursuant to § 26-33, received further evidence on October 5, 2007. The facts are not in dispute.

Wells Fargo Bank held a Deed of Trust on a property located at 401 Princess Anne Road. Virginia Beach, Virginia (hereinafter Property) owned by Robert E. Miller, Upon Miller's default, the Trustee held a foreclosure sale on May 9, 2008, in front of its office and sold the property to a third party. There had been previous attempts to conduct foreclosure sales, but they were stymied by the bankruptcy filings of Mr. Miller.

The Trustee filed its Account of Sale to the Commissioner of Accounts (hereinafter Commissioner) as directed by Virginia Code § 55-59.4 and the Deed of Trust. The Deed of Trust states that the Trustee is to be compensated by a "reasonable commission." The Trustee claimed $20,450.00 for the commission, calculated at five percent of the sale price of $409,000.00. On April 16, 2007, the Commissioner sent the Trustee a letter stating:

I note that the commission stated as Trustee's Commission reflects a commission of $24,450.00 [sic]. The Deed of Trust, however, states on Page 16 in pertinent part, "Trustee shall apply the proceeds of executing the trust, including a reasonable commission to Trustee."

Absent extraordinary circumstances, the commission to me does not appear reasonable for a straightforward residential foreclosure but I certainly will consider your explanation.

In response to the Commissioner's request, the Trustee simply provided case law dated prior to 1997, which approved a commission of five percent as reasonable. No additional explanation was provided by the Trustee. Based on the facts before him, the Commissioner disapproved the account. The Trustee timely filed exceptions to Commissioner's Report.

Virginia Code § 55-59.4 governs how a trustee may apply the proceeds from a foreclosure sale. The issue confronting the Court involves a question of how a trustee should be compensated for conducting a foreclosure sale when the Deed of Trust simply sets the formula for commission as "reasonable." The matter is of first impression as the Virginia Supreme Court has not decided the issue since the General Assembly revised the statute in 1997. The prior version of § 55-59.4 provided a set five percent commission. However, it was amended in 1997 to establish instead, a *"reasonable commission"* (emphasis added) for the trustee. Virginia Code § 55-59.4(A)(3).

While past cases dealing with this statute are few in number, there are numerous cases decided under Virginia Code § 26-30 (statute governing expenses and commissions allowed fiduciaries) that give the Court guidance on the standard for a reasonable commission. In *Trotman v. Trotman*, 148 Va. 860, 139 S.E. 490 (1927), the Court confronted the issue of reasonable commission found in § 5425 of the Va. Code of 1919, a precedent to Virginia Code § 26-30. The Court found that "reasonable" is "but another way of saying that they are to be measured by the conscience of the court." *Id.* at 868. The Court again reviewed what would constitute a reasonable commission for a trustee in *Jones v. Virginia Trust Co.*, 142 Va. 229, 128 S.E. 533 (1925). While approving the commission of five per cent as reasonable, the Court qualified the ruling by stating that "inasmuch as the statute fails to lay down a hard and fast rule, we are of the opinion that the court should not do so." *Id.* at 241.

The numerous cases dated pre-1997 have affirmed a five percent commission as reasonable. However, if the Court allows the case history to govern the issue, the statutory revision would serve no purpose. The Court

views the amendment as showing that it was the intent of the General Assembly to restore the original directive that the court must "inquire into its conscience" when determining how a trustee is compensated. Furthermore, on December 17, 2004, the Standing Committee Regarding Commissioners of Accounts, established by the Judicial Council of Virginia, issued Guidelines for Fiduciary Compensation. While the Guidelines have no authority to bind the Court, it is worth noting that it recommends one percent commission on the first $500,000 for all fiduciaries except for executors of estates. Consequently, the Court declines to accept as a presumption that a five percent commission on the sale price claimed by the Trustee is reasonable.

In deciding an appropriate compensation, the Court in *Trotman* listed some of the factors the Court may consider. They are "the value of the estate, the character of the work, the difficulties encountered and the result obtained." *Trotman* at 868. Further, it is well established that "a trustee under a deed of trust is a fiduciary for both debtor and creditor and must act impartially between them." *Smith v. Credico Industrial Loan Co.*, 234 Va. 514, 516, 362 S.E.2d 735, 736 (1987).

The Court has considered above named factors, as well as the evidence submitted by the Trustee, and finds that a commission of $20,450.00 is not reasonable and shocks the conscience of the Court. The Trust declined or was unable to specify how much time and effort went into the foreclosure, stating that, among other things, trustee commissions are not attorney's fees. However, the Court finds that, looking at the totality of the efforts expended in this case, the expertise of the Trustee, the potential liability on the Trustee, and the like, a reasonable trustee's commission is $9180.00.

The exceptions are overruled, and the matter is remanded back to the Commissioner of Accounts for the Trustee to return $11,270,00 to be allocated to the appropriate parties as directed by the Commissioner of Accounts. If the Trustee wishes, this matter shall be considered a final order for appeal. A cash bond of $11,270,00 shall be posted with the Clerk of this Court within thirty days hereafter as the appeal bond.