## Wytheville.

## G. M. DILLARD V. GOLDSBOROUGH SERPELL, ET ALS.

### June 12, 1924.

1. TRUSTS AND TRUSTEES—*Trust Deed—Compensation of Trustees—Service as Attorney or Trustee*—After sale and when the trust fund is to be distributed, or upon the settlement of the accounts of an active trustee, where the trustee has possession and control of the trust fund, or estate, or the court has acquired control thereof, the trustee is entitled to compensation, whether his services were rendered as attorney or as trustee.

2. MORTGAGES AND DEEDS OF TRUST—*Compensation of Trustee—Trust not Executed.*—A trustee, chosen as the agent of both debtor and creditor to hold the legal title as a mere security for debt, with power to sell the debtor's property in satisfaction of the debt in case of default, possession to remain with the grantor and not the trustee, is not entitled to invoke the jurisdiction of a court of equity to adjudicate his compensation, when he has never been and may never be called upon to execute the trust.

3. MORTGAGES AND DEEDS OF TRUST—*Compensation of Trustee—Trust not Executed—Section 5167 of the Code of 1919.*—In section 5167 of the Code of 1919 provision is made for compensation of the trustee in case he sells the property under the deed of trust. For this service and for no other the statute provides, and that provision controls unless, as allowed by the statute, there are other provisions in the deed for the compensation of the trustee.

4. MORTGAGES AND DEEDS OF TRUST—*Trustee's Compensation—Jurisdiction of Equity where Trustee has not Executed the Trust.*—In the instant case the trustee in a deed of trust was invoking the jurisdiction of equity to adjudicate his compensation, although the trust had not been executed by sale of the property. If the trust had been either partly or completely executed, and the trustee had then invoked the jurisdiction of equity for the settlement of his accounts, or its direction as to the distribution of the trust fund, or the court had acquired jurisdiction over the estate upon any equitable ground, then unquestionably the court would consider and determine the amount of the trustee's compensation for all the services previously rendered; but there is no precedent in this State which justifies a trustee who has never been called upon to execute such a trust in invoking the jurisdiction of equity.

5. MORTGAGES AND DEEDS OF TRUST—*Compensation of Trustee—Mortgagor Selling the Property and Paying His Debt.*—Where a debtor has given a deed of trust to secure the payment of his debt, under ordinary circumstances he always has the right to sell the property himself to pay his debt, and can require a release from his creditor whenever he has discharged his debt; and generally, when there has been no sale by the trustee, the trustee has no claim for compensation.

6. MORTGAGES AND DEEDS OF TRUST—*Trustee—Claim for Attorney's Fees—Trustee Appearing in Bankruptcy Proceedings of Grantor.*—The trustee in a deed of trust appeared for the beneficiaries under the trust deed in bankruptcy proceedings against the grantor. The grantees in the deed of trust declined to file proofs of their claims in the bankruptcy proceeding, choosing to rely upon the security afforded by their deed of trust.

   *Held:* That the grantees could not be held personally liable for attorney's fees to the trustee, nor was the property pledged as security for their claims liable.

7. MORTGAGES AND DEEDS OF TRUST—*Compensation of Trustee—Countersigning Bonds.*—Under a deed of trust the countersigning of the bonds for the purpose of identification was expressly required of the trustee, and no compensation therefor was provided.

   *Held:* That while neither this service nor any other could have been required of the trustee without compensation, yet when rendered without any express or implied agreement for compensation it must be regarded as voluntary, either as incidental to his acceptance of the trusteeship, or as satisfied by the anticipated compensation in case there should be default and he should be required to sell the property as trustee.

8. MORTGAGES AND DEEDS OF TRUST—*Compensation of Trustee.*—Notwithstanding the general rule as to a trustee of an active trust being entitled to compensation, the compensation of a trustee in a deed of trust to secure the payment of a debt is conditioned upon the sale of the property, and then is determined either by the contract in the deed itself, or by the Virginia statute (section 5167 of the Code of 1919), which controls where there is no specific agreement.

9. MORTGAGES AND DEEDS OF TRUST—*Compensation of Trustee—Holding Insurance Policies.*—The holding of insurance policies on the property conveyed by the trustee in a deed of trust was a mere incidental service, for which the trustee was not entitled to compensation from the creditors secured or the property, where the grantor, not the creditors, covenanted to keep the property insured.

10. TRUSTS AND TRUSTEES—*Attorney's Fees—Parties Receiving Benefit of Others Counsel.*—A court is only justified in paying attorney's fees out of the trust fund under its control where parties in interest have stood by without counsel, and reaped benefits by reason of the efforts of counsel with whom they were not in privity.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Williams, Loyall & Tunstall* and *Tazewell Taylor,* for the appellant.

*Willcox, Cooke & Willcox, Hugh C. Davis* and *Mann & Tyler,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

This is an appeal from a decree which (after the complainant declined further to amend his bill) sustained a demurrer to a bill filed by the appellant against the appellee. The essential facts necessary to comprehend the questions involved may be thus stated:

The Virginia Fruit Juice Company, Incorporated, on January 12, 1917, conveyed valuable property to the complainant to secure $100,000.00 evidenced by 100 bonds for $1,000.00 each. The same company, on October 31, 1919, executed a second deed of trust upon the same property to the appellant as trustee to secure the payment of a negotiable note for $70,000.00 payable to the Trust Company of Norfolk. The debtor defaulted in the payment of some of the accrued interest and principal, and on July 15, 1920, was adjudged an involuntary bankrupt. The bill alleges that the several holders of these over-due bonds and note "chose to rely upon the security afforded by said deeds of trust to this complainant as trustee, and chose not to file proofs of their claims in the bankruptcy proceeding." These deeds of trust provided that the grantor should

remain in quiet and peaceable possession of the prop-
erty and take the profits thereof to its own use until
default should be made in the payment of the debts in
whole or in part, and that upon such default and so
soon thereafter as he should be requested by the holders
of one-half of the outstanding bonds secured by the
first deed of trust, and upon request of the creditor
secured by the second deed of trust, he should sell the
property at public auction after advertisement, etc.,
and that out of the proceeds of sale, after paying the
expenses attending the execution of the trust, including
commissions to the trustee at the rate of five per cent,
he should pay off the debts with interest.   The grantor
also covenanted that it would during the continuance
of the trust keep the buildings and property insured
against loss by fire, and assign the policies of insurance
to the trustee as additional security for the payment of
the debts, and that if it failed to do so either the trustee
or the beneficiary might cause the property to be in-
sured, and that the insurance premiums so paid should
be a charge upon the trust property.

The deeds of trust, then, are in the form which is
customary in this jurisdiction.   It is the usual method
of securing debts and is used as a substitute for the
mortgage.

The bill also alleges that on December 27, 1920, the
trustee in bankruptcy, acting through Davis & Davis,
attorneys, who were also attorneys for the petitioning
creditors in bankruptcy, and counsel for the Trust
Company of Norfolk, obtained a rule, citing the com-
plainant, as trustee under these deeds of trust, to appear
in the bankruptcy court for the purpose of having
determined the validity and priority of all liens and
claims against the bankrupt's estate, including the
liens created by the deeds of trust, and the priority of

the same, and for the purpose of marshalling the assets. of the bankrupt, including the property conveyed by said deeds of trust, and to determine whether the bank-- rupt's property should be sold free of encumbrances, or subject to incumbrances. That none of the benefici-- aries in the deed of trust were made parties to this rule to show cause, or asked to be made parties to the pro- ceeding, so it devolved upon complainant, as trustee, to answer the rule. That he attended the hearing, con-- tended for the priority of the liens of the two deeds of' trust, as a result of which they were decreed to be first liens on all of the property embraced therein. That he contended that taxes to the extent of about $7,000.00, which were liens upon the trust estate, were a prior lien on the general assets of the bankrupt's estate. That this contention was sustained and thus clearly augmented the security under the deeds of' trust. That certain reserved title liens and supply liens asserted against the property were successfully resisted and rejected by the court, and the trust estate thereby augmented. That there were certain negotia-- tions with attorneys representing the other interests, leading to an understanding as to his compensation; and that finally the property was sold subject to the liens of the deeds of trust. That the purchaser at the sale under the decree of the Federal court in the bank-- ruptcy proceedings thereafter conveyed the entire property to another, the Port Holding Corporation, subject of course to the liens of the deeds of trust.

There are other allegations of matters of detail, but the substance of the bill is that the complainant, being an attorney and familiar with all the previous transactions relating to the trust estate, believed it competent for him to defend the interests of the estate in the bankrupt court; that his services were of value;.

and that he is entitled to be compensated therefor. He also alleges that he performed certain services as trustee under the deed of trust for which he is also entitled to compensation, enumerating the certification of bonds in accordance with the provisions of the first deed of trust, 100 in number; and that from that time forward he was entrusted, as trustee, with a large number of fire insurance policies upon different classes of property embraced in the deeds of trust, the amount of insurance on the property varying from $175,000.00 to $300,000.00, and the number of policies varying from thirty to fifty; that this insurance expired at different times, and as the policies expired he. was called on to deliver old policies and inspect new policies, for the protection of the trust fund; that when the Virginia Fruit Juice Company, Incorporated, was adjudicated a bankrupt he had to direct and superintend endorsements on all of the policies, amounting to twenty-nine in number and to $184,500.00 in amount; and that thereafter when trustees in bankruptcy were appointed, he had to obtain and supervise additional endorsements for said policies, and still later, in subsequent transfers of the property, he had the same services to perform, for none of which he has received any compensation.

In this suit, he convenes the creditors secured by the deeds of trust and the present owner of the trust property, the Port Holding Corporation, as defendants, seeks to enjoin the assignment of the securities to new parties, because it would becloud the question of contribution in the case; and prays that the court may in its discretion determine "what is a just and proper compensation for the services rendered by your complainant as trustee under the two deeds of trust, aforesaid, and for legal services for the trustee in said bank-

ruptcy proceedings, and may determine to what extent. and in what proportion the various holders of the securities under both the deed of January 12, 1917, and the deed of October 31, 1919, are liable to the complainant and shall contribute to said compensation, and may order and decree their contribution to your complainant accordingly, or may determine what fund or property, if any, is chargeable with the payment of the compensation awarded the complainant, and may decree accordingly." He also tenders his resignation as trustee.

[1, 2] The question presented is novel in this State. While it is conceded that no compensation is awarded. a mere trustee in England, the general rule in this. country is that a trustee is compensated.

We are referred to many authorities, and there are many quotations in the briefs, showing the settled practice of our courts to allow trustees compensation, whether the services are rendered as attorney or as. trustee. In most of the cases, however, the question has arisen after sale and when the trust fund is to be distributed, or upon the settlement of the accounts of an active trustee, where such trustee has possession and control of the trust fund, or estate, or the court had acquired control thereof. With this practice we are in full accord. *Perkins' Appeal*, 108 Pa. 317, 56 Am. Rep. 208; *Smith* v. *Washington City, etc., R. Co.,* 33 Gratt. (74 Va.) 617. With the exceptions hereinafter referred to, however, we know of no case in which. a trustee, chosen as the agent of both debtor and creditor to hold the legal title as a mere security for debt, with power to sell the debtor's property for the satisfaction of the debt in case of default, has claimed to be entitled to invoke the jurisdiction of a court of equity to adjudicate his compensation, when he has.

never been and may never be called upon to execute the trust. It is to be borne in mind that the deeds here involved are not assignments for the benefit of the creditors, where the trustee is required to take immediate possession of the property in the execution of his trust. On the contrary, the deeds provide that the grantor shall remain in quiet possession of the property and take the profits to its own use. So that, upon the face of the deeds, it is not an active but a dormant trust; no immediate duty is imposed upon the trustee, for the trust is conditional and no execution thereof will ever be required of him unless there shall be default in the payment of the debts and until he shall be directed by the creditors to execute the trust.

[3] In Code, section 5167, we have the express recognition of this class of trusts, and provision for the compensation of the trustee in case he sells the property. For this service and for no other the statute provides. That provision controls unless, as allowed by the statute, in the deed there are other provisions for compensation to the trustee. Here, these deeds specify and limit the trustee's compensation. If he had been required to sell the property thereunder, the five per cent commission specified would doubtless have been accepted, or adjudged to be full compensation for all of his services. The manifest and expressed reason for his suit is, as he alleges, that it is the purpose of the defendants to evade the payment of this commission by refusing to direct a sale by him. This, however, is not an unusual situation. It is not novel that the creditor gives further indulgence to the debtor, or that the debtor, either by paying off the debt, or by making other arrangements satisfactory to the creditor, can avoid or postpone the sale of his property theretofore so conveyed to a trustee.

[4, 5]  If the trust had been either partly or completely executed, and the trustee had then invoked the jurisdiction of equity for the settlement of his accounts, or its direction as to the distribution of the trust fund, or the court had acquired jurisdiction over the estate upon any equitable ground, then unquestionably the court would consider and determine the amount of the trustee's compensation for all the services previously rendered; but we know of no precedent in this State which justifies a trustee who has never been called upon to execute such a trust as this in invoking the jurisdiction.  It must be agreed by all that in such deeds, under ordinary circumstances, the debtor always has the right to sell his property to pay his debt, and can require a release from his creditor whenever he has discharged his debt.  Generally, when there has been no sale by the trustee, he has no claim for compensation.

[6]  As to the claim to the attorney's fee.  It is shown by the bill itself that the creditors in both deeds of trust declined to file proofs of their claims in the bankruptcy proceeding, and chose to rely upon the security afforded by their deeds of trust.  Now certainly it cannot be denied that they were within their rights in so doing, and that there is slight foundation for the claim that they should be held personally liable to contribute to an attorney's fee which they deliberately decided not to incur in the bankrupt court. While cases frequently occur when it is the duty of the trustee to employ counsel, or to act as counsel and be paid therefor, in this case the trustee was under no obligation to appear as attorney for the beneficiaries in the trust when they deliberately declined to appear formally.  The case of *Stull* v. *Hardy*, 112 Va. 816, 72 S. E. 701, appears to announce the true rule under the

circumstances here existing. As the creditors were *sui juris* and knew of the bankruptcy proceeding, there was no obligation upon the trustee either to employ counsel or to appear at their expense. It may have been a very wise thing for him to do so, and it may be true, as a matter of ethics, that they should appreciate the value of his services and compensate him therefor; but we can find no authority for imposing the fee claimed, either upon these creditors or upon the property pledged as security for their claims, in any rule of law with which we are familiar.

[7] With reference to the compensation claimed as trustee, this may be also said: The countersigning of the bonds for the purpose of identification was expressly required by the deed of trust, and no compensation therefor was provided. If that service was onerous, compensation therefor should have been contracted for as a part of the expense of drawing the conveyance. Neither that service nor any other could have been required of him without compensation, but when rendered without any express or implied agreement for compensation, must be regarded as voluntary, either as incidental to his acceptance of the trusteeship, or as satisfied by the anticipated compensation in case there should be default and he should be required to sell the property as trustee.

[8] Stated succinctly, notwithstanding the general rule as to active trusts, the compensation of a trustee in such deeds as these is conditioned upon a sale of the property, and then is determined either by the contract in the deed itself, or by the Virginia statute, which controls where there is no specific agreement.

[9] As to the holding of the insurance policies, this also was mere incidental service, and it was the grantor (not the creditors) who covenanted to keep his prop-

·erty properly insured. So far as this record discloses, that covenant was performed, and to the extent that the trustee aided the grantor in performing his covenant, it is the grantor who should pay him for his services.

For the contrary view, the appellant cites and relies upon *Premier Steel Co.* v. *Yandes,* 139 Ind. 307, 38 N. E. 849. In that case a trustee under a corporate mortgage performed many services which should have been performed by the mortgagor, such as the payment of taxes, keeping the premises insured, etc., and the court held that the liability for compensation was primarily against the mortgagor or the mortgaged property. One distinguishing fact of that case is that the mortgaged property had been conveyed to the appellant, who executed a bond at the time of such conveyance from the mortgagor, both for the payment of the mortgage debt and for the complete protection and indemnification of the mortgagor from any personal loss, damage or inconvenience therefrom. That is, the vendee thereby assumed all these existing obligations of the mortgagor. It was held that under that bond the property was charged with the debt which was also due by the mortgagor for such services claimed by the trustee. The court cites a number of Indiana statutes without quoting them, and appears to some extent also to rest its decision upon those statutes. The case supports some portions of the appellant's claim. This, however, does not change our view, and for the reasons which we have indicated, a trustee under such a deed of trust—that is, merely to secure the payment of a debt—must rely for his compensation either upon the Virginia statute hereinbefore referred to, or upon the contract, for compensation expressed in the conveyance. Unless and until the trust is either

partly or completely executed, generally he can demand no compensation as trustee.

*Fry* v. *Graham*, 122 N. C. 773, 30 S. E. 330, is also cited by the appellant as supporting the contrary view. There it was held that the plaintiff was entitled to recover a fair compensation under such a deed, where he had been directed to advertise the property as trustee, had done so, and the debt was paid before the date fixed for the sale. The trustee claimed commissions. This claim was denied, but inasmuch as he had partially executed his duties as trustee in strict accordance with the provisions of the deed of trust, he was held to be entitled to compensation. This is equivalent to saying that if he had not advertised the property for sale at the request of the creditor—that is, if he had not partly executed the trust—he would not have been entitled to any compensation. Inferentially it denies the claim here asserted.

We can do no better with the case than the trial judge (Hon. James L. McLemore) has done, and his conclusions are thus clearly stated:

[10] "First: That the court has no power to allow Mr. Dillard any compensation for appearing before the bankrupt court in the interest of the trust property—not as attorney for the bondholders, as they seem to have had counsel; and the court is only justified in paying attorney's fees out of a trust fund under its control where parties in interest have stood by without counsel, and reaped benefits by reason of the efforts of counsel with whom they were not in privity. If there were special services rendered in the bankrupt court, it would seem entirely proper to assert the claim in that forum.

"Second: There can be no compensation by way of commissions for the obvious reason that no sale has occurred.

"Third: The endorsement of insurance policies and the countersigning of bonds or notes are services incident to the trust, the acceptance of which calls for the service, without other compensation than such as may come, under the plain terms of the trust, by a foreclosure, upon default and request of the beneficiary."

The apparent finding that the bondholders had counsel and therefore are under no obligation to pay the appellant for his services as counsel in the bankruptcy proceeding is challenged. As to this, while it appears to be true that the bondholders made no formal appearance by attorney in the bankruptcy proceeding, it is apparent to us, as it was to the trial judge, that the statement made that they "seem to have had counsel," is fully justified. The bill alleges that their failure to enter their formal appearance was deliberate, and it may be fairly assumed that this was upon the advice of counsel.

We are convinced as well from the record as because of the high character and ability of the appellant, that he performed valuable services, but he is bound by his contract, and the courts cannot extend it. An equity court is without jurisdiction to grant him the relief prayed for. His rights, if any, rest upon the promises, express or implied, of those who required his services, accepted them and benefited thereby, and his remedy, if any, can only be based thereon.

*Affirmed.*