# Richmond

## HENRY J. VICK v. SIDNEY SIEGEL.

January 15, 1951.

Record No. 3728.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*Cleaton E. Rabey, William L. Ward* and *Russell T. Bradford*, for the plaintiff in error.

*James G. Martin & Sons*, for the defendant in error.

Gregory, J., delivered the opinion of the court.

This action was instituted by the plaintiff, Henry J. Vick, against Sidney Siegel for the purpose of recovering $900, together with legal interest thereon. It originated by notice of motion for judgment to which a demurrer was interposed and sustained. Thereupon, an amended notice of motion was filed and a demurrer also interposed to the amended notice of motion, which was sustained and the case dismissed. From this action of the court the present writ of error was granted.

The facts must be gathered from the pleadings, as the case was dismissed before any evidence was taken. Those facts are, that Vick conveyed certain property, located in Norfolk county, Virginia, to Siegel, as trustee, to secure the payment of a negotiable promissory note in the principal amount of $18,000. Later, Vick found a purchaser for this property and entered into a contract with him for its sale. Pursuant to the terms of the contract, the purchaser was to deduct from the purchase price due the plaintiff the amount owing on the note. Siegel, the trustee, informed the purchaser that he claimed his trustee's commission of

$900, or 5 per centum of the $18,000 due on the note, and that he would not release the lien of the deed of trust on the property until his trustee's commission was paid. The purchaser thereupon refused to close the transaction with Vick unless and until the lien of the deed of trust on the property could be released.

There had been default under the terms of the deed of trust in the payment of the obligation secured thereunder, and the deed of trust provided for a commission to the trustee of 5 per centum only in the event of sale of the property by the trustee. In order for the owner, Vick, to save his property, which the trustee had threatened to sell, and to prevent the loss of his advantageous contract with the purchaser, Vick was forced to allow Siegel $900 commissions, which he wrongfully claimed. The sole question before us is whether or not the notice and the amended notice make out a case against the defendant.

By the demurrer the defendant admits that the allegations contained in the amended notice of motion are true. We must determine, first, whether the defendant's claim to the $900 was unlawful, and, secondly, whether the payment of that amount to him was voluntary or involuntary, and whether or not it was made by reason of compulsion.

It is alleged, and not denied, that the defendant trustee had done nothing to earn his commission. He collected from Vick $900 to which he was not entitled, and he now holds that amount, though demand has been made upon him to repay it to Vick. Under these circumstances, he was not entitled to claim 5 per cent commissions. His claim was unlawful.

In *Harris* v. *Cary*, 112 Va. 362, 71 S. E. 551, Ann. Cas. 1913A, 1350, the court had this to say: "The doctrine appears to be well established that where one party has possession or control of the property of another, and refuses to surrender it to the control and use of the owner, except upon compliance with an unlawful demand, a contract made by the owner under such circumstances to emancipate the property is to be regarded as made under compulsion and

duress. Nor can it be doubted that a contract, procured by threats inducing fear of the destruction of one's property, may be avoided on the ground of duress, there being nothing in such a case but the form of a contract, wholly lacking the voluntary assent of the party to be bound by it. To constitute duress, it is sufficient if the will be constrained by the unlawful presentation of a choice between comparative evils; as, inconvenience and loss by the detention of property, loss of property altogether, or compliance with an unconscionable demand." And, in conclusion, the court said: "In the case at bar, the allegations of the bill, which are admitted to be true by the demurrer, state a case clearly calling for interposition of a court of equity to afford relief. The helpless situation and the extreme necessities of the complainant were taken advantage of to compel him to surrender to the defendant one-fourth of his property, which was under the latter's control, and to which, as alleged, he had no lawful right, in order to save such property from sacrifice; the choice offered the complainant being financial ruin or immediate compliance with the alleged fraudulent, oppressive and unconscionable demands of the defendant."

In 40 Am. Jur., Payment, section 161, it is written: "It is firmly established that provided the compulsion furnishes the motive for the payment sought to be recovered, and proceeds from the person against whom the action is brought, illegal payments coerced under duress or compulsion may be recovered in an action for money had and received to the plaintiff's use * * *". And again, in section 165, this is written: "At one time it was considered that there could not exist duress as to real property so as to authorize a recovery of payment made by reason thereof, but it is now well settled that there may be duress with respect to real property as well as personal, so as to render a payment on account of it involuntary, and recoverable in an action brought for that purpose. This rule has been applied with respect to payments unlawfully demanded by mortgagees, trustees and vendors. * * *".

The plaintiff did not have time and opportunity to relieve

himself from his predicament by resorting to legal methods. If he had done so he might have lost the sale of his property. To have been put to a law suit to get the deed of trust released would have entailed too much delay. The purchaser might have been unwilling to wait for the case to be carried through the courts.

■ According to the allegations of the amended notice, the defendant was not in fact or in law entitled to the payment of the $900, and having unlawfully required it, he became a debtor of the plaintiff for that amount, and the latter had the right to recover it.

The amended notice of motion discloses by its allegations that a trust existed between the plaintiff and the defendant and thus the defendant owed the plaintiff a high duty. As previously stated, by the demurrer the defendant admitted that he got the $900 to which he was not entitled. He could have become entitled to the $900 only by a sale under the deed of trust. This, he admits, he did not do. In effect, according to the allegations in the notice, he perpetrated a fraud upon the plaintiff. The notice alleges at least an involuntary payment. Besides, it alleges there was a breach of trust by the defendant which he owed the plaintiff. He has unjustly enriched himself at the expense of the plaintiff who was his beneficiary and the plaintiff is now entitled to recover the payment of the $900 under the common counts in assumpsit.

■ We think the notice and amended notice sufficiently allege that the defendant obtained the $900 from the plaintiff through a species of fraud or through a breach of trust and in either event the law implies a promise on the part of the defendant that he will refund the money to the plaintiff.

■■ A motion was made to dismiss the writ of error charging that the plaintiff had failed to file, failed to designate for printing and failed to print any assignment of error, as is expressly required by the rules of this court. Rule 5:1, Secs. 4 and 6(d). We think the motion should be overruled. The assignments of error were in fact filed in the

clerk's office within sixty days after final judgment. Defendant was also given notice within that period of plaintiff's purpose to appeal. The only question involved was the ruling on demurrer as both parties well knew. There has been, we think, a substantial compliance with the rule. While it is plainly made the duty of counsel to designate for printing the parts of the record specified in Rule 5:1, Sec. 6(d), we hold that failure to designate the assignments of error in this case is not sufficient ground for dismissing the writ of error.

We are of opinion that the court below should not have sustained the demurrer to the amended notice and for that reason we reverse the judgment of the trial court and remand the case for a trial on the merits.

*Reversed and remanded.*