**In re Lethia Custer MANNING, Debtor.**

**Bankruptcy No. 7–84–00772–R.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Nov. 1, 1984.

Leon R. Kytchen, Roanoke, for debtor.

Melba C. Pirkey, Roanoke, Chapter 13 Trustee.

T.L. Plunkett, Roanoke, Indentured Trustee/petitioner.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether an indentured Trustee's commission may be fixed by a Deed of Trust without due consideration by the Court as to what fee is reasonable under the circumstances where the proposed foreclosure and sale of the property has been stayed by the filing of a Chapter 13 petition in this Court.

The facts are undisputed. The Petitioner, Jefferson Savings and Loan Association, is a secured creditor in this Chapter 13 case holding a note secured by a Deed of Trust on property in Roanoke County, Virginia, as recorded in Deed Book 1123, Page 492. Said Deed of Trust has the usual and customary provisions which secure not only the principal debt evidenced by the note but, also, fees, commissions, and costs incurred by the Trustee under the Deed of Trust in connection with an advertisement for sale. There is filed in this Court a copy of the Deed of Trust along with a bill for the advertisement.

The Deed of Trust specifically provides as follows:

"THIS DEED OF TRUST is made under the provisions of Virginia Code Sections 55–59 and 60, as amended, and shall be construed to impose and confer upon the parties hereto and the beneficiary hereunder, all the rights, duties, and obligations prescribed by the said Sections 55–59 and 60, as amended, and in short form as therein provided, except as hereinafter otherwise restricted or expanded or changed. *Trustee commission in the event of sale, 5%; except that should the property be offered or advertised for sale by Trustee and be withdrawn for any reason, Trustees shall be entitled to a commission of 2½% on unpaid balance with a minimum commission of $200.00 ...*" (emphasis added)

The commission calculated at 2½% of the unpaid balance amounts to $712.72, and the cost of the advertisement by the Trustee in the *Roanoke Times and World-News* amounted to $192.00. The indenture Trustee asks the Court to order disbursement of the above commission and advertising fee and direct the Debtor or Chapter 13 Trustee to pay the foregoing sums from the funds she holds.

Under § 26–30 of the *Code of Virginia*, it is clear that the Court should allow the fiduciaries "reasonable" compensation. The Section provides as follows:

"**Expenses and commissions allowed fiduciaries.**—The commissioner, in stating and settling the account, shall allow the fiduciary any reasonable expenses incurred by him as such; and also, except in cases in which it is otherwise provided, a reasonable compensation, in

714

the form of a commission on receipts, or otherwise. (Code 1919, § 5425.)"

The note following this *Code* Section is relevant:

"There is no law which prescribes what commissions shall be allowed as executor, trustee, or other fiduciary. *The allowance or refusal of commissions rests in the sound discretion of the court under the circumstances of the case. Lake v. Hope,* 116 Va. 687, 82 S.E. 738 (1914); *Virginia Trust Co. v. Evans,* 193 Va. 425, 69 S.E.2d 409 (1952); *Bickers v. Shenandoah Valley National Bank,* 201 Va. 257, 110 S.E.2d 514 (1959). *Code of Virginia,* 1979 Replacement Vol. 5A, at page 22." (emphasis added)

■ The word "reasonable", as applied to commissions of personal representatives, means that compensation to be awarded shall be "measured by the conscience of the Court". *Virginia Trust Co. v. Evans,* 193 Va. 425, 69 S.E.2d 409 (1952). A long line of decisions in this state has established five per cent (5%) as the usual commission when a fiduciary sells property, but less may be allowed. *Jones v. Virginia Trust Co.,* 142 Va. 229, 128 S.E. 533 (1925).

■ Similarly, two and one-half per cent (2½%) is the usual commission where distribution of tangible and intangible property is made in kind or the Trustees have performed no unusual responsibilities but, as with the five per cent commissions, less may be allowed. *Perrow v. Payne,* 203 Va. 17, 121 S.E.2d 900 (1961); *Prichett v. First National Bank,* 195 Va. 406, 78 S.E.2d 650 (1953).

■ The amount of compensation to which a Trustee is entitled is clearly dependent upon the facts of a particular case. It is impossible to lay down a hard and fast rule when so many factors may be involved. The Court must rely on the general principles above and look to the value of the services performed under the circumstances, the results obtained, and the responsibility assumed by the Trustee.

■ In Virginia, if the terms of an indenture Trustee's compensation are not specified in the trust document, that compensation is controlled by statute. *Virginia Code* § 55–59 (1981 repl.vol.); *Dillard v. Serpell,* 138 Va. 694, 123 S.E. 343, 345 (1924). In this case, the terms of the indentured Trustee's compensation have been specified at two and one-half per cent, but *Federal Bankruptcy Rule* 2016 appears to make the above discretionary principles of § 26–30, *Code of Virginia,* applicable.

*Federal Bankruptcy Rule* 2016, **COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES,** reads as follows:

"(a) **Application for Compensation or Reimbursement.** A person seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other person for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other person."

The Trustee in the present case is a "person" within *Federal Bankruptcy Rule* 2016. "Person" is defined by 11 U.S.C. § 101(30) of the Bankruptcy Code to include "individual, partnership, and corporation, but does not include governmental unit."

The *Virginia Code* Section allowing Trustee's compensation for partial execution of the trust was approved under the standard of reasonableness in the Bankruptcy case of *Littleton v. Kincaid, et al.,* 179 F.2d 848 (4th Cir.), cert. den., 340 U.S. 809, 71 S.Ct. 36, 75 L.Ed. 595 (1950). The court, referring to the *Virginia Code* Section dealing with this subject, declared that the court may consider and determine the amount of compensation and expenses to be paid an indenture Trustee for services rendered. The court stated further that fair compensation should be the rule for such determination, stating at page 853:

"... The accepted rule is that the court shall exercise just discretion and make or hold allowances as the peculiar circumstances require."

The foregoing principle was ultimately codified in *Federal Bankruptcy Rule* 2016 and its forerunner, *Federal Bankruptcy Rule* 219, adopted on October 1, 1973. As appears from said *Rule,* exceptions thereto are virtually nonexistent where a person defined under the *Code* seeks compensation for services or reimbursement of necessary expenses from the estate. The amounts payable to the Trustee herein for fees and expenses must be paid in this Chapter 13 case by the Debtor's estate. The application falls clearly within the purview of *Federal Bankruptcy Rule* 2016.

Accordingly, the Court denies Petitioner's request. An indenture Trustee is not excluded from *Rule* 2016 by having his fee fixed by the Deed of Trust. It is, therefore, hereby

### ORDERED

that the application for payment of the fixed sum of 2½% is denied, with leave to the applicant to file an application under *Rule* 2016 with the Clerk of this Court within ten (10) days. The Court will then, upon hearing, make a determination as to the just compensation for services rendered by the Trustee.

Service of a copy of this Memorandum Opinion and Order shall be made by mail to the Debtor, Debtor's Attorney, Trustee, and to Petitioner-Trustee herein.