# FOREST R. SMITH

## V.

# CREDICO INDUSTRIAL LOAN COMPANY, ET AL.

Record No. 841185

November 25, 1987

Present: All the Justices

*John S. Edwards (Martin, Hopkins, Lemon and Carter, P.C.,* on briefs), for appellant.

*Michael A. Glasser (Christopher A. Corbett; Glasser and Glasser; Tompkins, Turner & Corbett,* on brief), for appellees.

THOMAS, J., delivered the opinion of the Court.

In this appeal we decide whether a substitute co-trustee under a deed of trust, who does not act as trustee at a foreclosure sale, can bid on the subject property on behalf of another.

Forest R. Smith was delinquent in payments on a note held by Credico Industrial Loan Company (Credico) and secured by a deed of trust. On February 7, 1983, John R. Patterson and Hilda E. Morin were substituted as trustees under the deed of trust. The substitution of trustees form was signed on behalf of Credico by "Hilda E. Morin Authorized Agent." Morin was a manager and according to her testimony "the principal" of Credico.

The foreclosure sale was held at the Carroll County Courthouse on February 24, 1983. Present were Patterson, Morin, and a lawyer who represented Smith. Patterson, according to his testimony, was the sole acting trustee. However, he admitted that at the time of the sale, Morin had not resigned as trustee. Morin bid $25,000 on the property on behalf of Credico. Patterson accepted that bid.

Smith sued to set aside the sale upon the ground, among others, that a trustee cannot purchase at her own sale. The trial court ruled against Smith. The trial court was of the view that Morin did not breach any confidential relationship with Smith, because she did not act as trustee in foreclosing upon the property. The trial court went on to say that, "[t]he fact that she bid for the

noteholder is not forbidden by Virginia law . . ." and that "it is not improper, even for an acting trustee, to place a bid for a noteholder." In our opinion the trial court erred; therefore, we will reverse.

We have discussed the conduct of trustees with regard to the sale of trust property in *Smith* v. *Miller*, 98 Va. 535, 37 S.E. 10 (1900), and in *Whitlow* v. *Mountain Trust Bank*, 215 Va. 149, 207 S.E.2d 837 (1974). What we said in those cases guides our disposition of the present dispute.

In *Miller*, one of the trustees purchased trust property at a sale where he was one of the acting trustees. The record showed that he did not want to purchase the property but made a bid only to insure that the property brought its full value or a fair price. He explained his purpose to his co-trustee and authorized the co-trustee to sell the property to anyone who would offer the same price as he had. We stated that those particular facts were irrelevant because the case was controlled by an "inexorable principle of public policy" which we described in the following terms:

> [I]t is a settled principle of equity that trustees and all persons acting in a confidential character with respect to the subject of sale are disqualified from purchasing the property for themselves. *The characters of buyer and seller are incompatible, and cannot be safely exercised by the same person.* The validity of a sale in such case does not depend upon its fairness, but the sale is voidable, and when attacked, must be set aside, although the price was fair, or the best to be had, and the motive pure.

98 Va. at 541, 37 S.E. at 12 (emphasis added). We set aside the sale and required the purchaser to make an accounting of rents and profits.

In *Whitlow*, the acting trustee at a foreclosure sale notified an official in a company in which he owned stock that the sale was to take place. The trustee's company was the successful bidder. The owners of the property sued to set aside the sale. In holding that the sale should have been set aside, we stated the following pertinent principles:

1. A trustee under a deed of trust is a fiduciary for both debtor and creditor and must act impartially between them;

2. A trustee must not place himself in a position where his personal interest conflicts with the interests of those for whom he acts as fiduciary;

3. When a trustee buys at his own sale a constructive fraud exists; the transaction is voidable; and when attacked, the sale must be set aside; and

4. Where a trustee purchases property indirectly at his own sale, such transaction is also voidable.

*See* 215 Va. at 152, 207 S.E.2d at 840.

Credico contends that *Miller* and *Whitlow* are distinguishable because in those cases, the trustee was an acting trustee and sold either to himself or to a company in which he owned an interest. Credico contrasts the present case, describing it as one where the trustee whose conduct is complained of did not act and did not purchase for herself or for a company in which she owned an interest.

In our opinion, Credico takes too narrow a view of what we said in *Miller* and *Whitlow*. Those cases were based upon broad principles of public policy. Central among those principles is that a trustee must not be placed in a position of conflict. As a trustee, Morin was bound to secure the highest price possible for the property. As a purchaser, even on behalf of another, she was bound to obtain the property for the lowest price possible. In *Miller*, we pointed out the inherent incompatibility between the roles of buyer and seller. We expressed concern that these two conflicting roles could not be safely exercised by the same person.

Morin, as long as she was a named co-trustee and a bidder on behalf of another, was both a buyer and a seller. Morin was not relieved of her duties as a trustee by leaving the active conduct of the sale to another. A trustee cannot hold that position without having the duties of a trustee. We are unwilling to accept the concept of a trustee without duties to her trust. In our view, until Morin resigned or was removed from her position of trust, she remained a trustee, with all attendant duties. By bidding on behalf of Credico, Morin placed herself in competition with the interests she was bound to advance.

In light of the foregoing, we hold that a co-trustee under a deed of trust cannot purchase property on behalf of herself or another at a foreclosure sale, even where that sale is conducted by another trustee, and even where the trustee who makes the

purchase was not an active participant in conducting the sale. In our opinion, this rule minimizes the possibility of impermissible conflict that would otherwise exist. We will reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion. *See Whitlow*, 215 Va. at 153-154, 207 S.E.2d at 841.

*Reversed and remanded.*

WHITING, J., dissenting

The majority characterizes Morin, a named trustee in a deed of trust, as a seller of this property. However, the majority minimizes the fact that Morin did not perform any acts as trustee in execution of the trust deed. The deed of trust in this case names two trustees "either of whom may act alone." Code § 55-60(10) expands this language by providing:

> The words '*any trustee may act*,' or words of similar purport, shall be construed as if the deed set forth: 'The grantors, and all interested in the obligations hereby secured, by accepting the benefits hereof, agree that all authority, power and discretion hereinabove granted to the trustees may be exercised by any of them, without any other, with the same effect as if exercised jointly by all of them.'

Morin's co-trustee performed every function in the exercise of the deed of trust. Full and complete title would have passed from the sole acting trustee to the purchaser without any action by Morin if the sale had been completed.

I believe the majority's decision is an unwarranted extension of our holdings in *Whitlow* v. *Mountain Trust Bank*, 215 Va. 149, 207 S.E.2d 837 (1974) and *Smith* v. *Miller*, 98 Va. 535, 37 S.E. 10 (1900). These two cases clearly involved *acting* trustees. I believe a trustee assumes fiduciary responsibilities when he *acts* as trustee upon the request of the secured party. Trustees who do *act* should be held to the high standard the majority requires.

The requirement that a trustee acts has been a decisive factor in our prior decisions. In *Dillard* v. *Serpell*, 138 Va. 694, 702, 123 S.E. 343, 345 (1924), we held that when a trustee undertakes to defend the trust *res* in a lawsuit in the absence of a beneficiary's

request, he does so gratuitously. Moreover, we have stated that generally a trustee is not entitled to compensation unless he sells the trust property under the trust deed. *See Bradley* v. *Canter*, 201 Va. 747, 757, 113 S.E.2d 878, 887 (1960); *Vick* v. *Siegel*, 191 Va. 731, 734, 62 S.E.2d 899, 900 (1951).

Furthermore, our earlier decisions indicate a trustee has "bare legal title" to the secured property. *See e.g., Franklin Plant Farm, Inc.* v. *Nash*, 118 Va. 98, 111, 86 S.E. 836, 840 (1915). We have construed deeds of trust as mere liens, and permitted a grantor, as the holder of legal title, to maintain an action in ejectment. *Providence Properties, Inc.* v. *United Virginia Bank*, 219 Va. 735, 748, 251 S.E.2d 474, 482 (1979). The essence of a deed of trust is that it creates a lien on property to secure a debt. *Interstate Railroad Co.* v. *Roberts*, 127 Va. 688, 692, 105 S.E. 463, 464 (1920).

G. Glenn, *Mortgages, Deeds of Trust and Other Security Devices as to Land* § 20 (1943) points out:

> Thus we should consider the title that the trustee can pass to the purchaser at the sale, and this will lead us to the position that is enjoyed by the trustee.

> As to the purchaser at the trustee's foreclosure sale, there is no question. He receives all the title, for better or worse, that the mortgagor enjoyed, and consequently he can recover in ejectment against the mortgagor and those claiming through him by descent or purchase. If that had not been so, this form of security would have died aborning, but the difficulty is to determine whether the purchaser's title comes from the trustee, or from the mortgagor by virtue of a power which the trust deed confers upon the trustee.

> In Virginia the former theory was favoured at first. Within the meaning of the recording acts, of course, the trust deed creditor is regarded as a 'purchaser' who will be protected against an unrecorded lien or conveyance, but this does not settle the question as to just what legal interest the trust deed confers. But under the decisions as they finally crystallized, it seems clear that legal title remains in the mortgagor under the deed of trust, and passes from him only when the trustee sells upon default.

> Virginia cases are featured, as to what passes under the deed of trust, not only because the device found an early home in

that Commonwealth, but for the additional reason that the idea gave her courts so much trouble. Elsewhere, indeed, the going has been easier. The general rule, one may say, is that the trustee acquires no title or estate in the land, but is a mere agent for both parties, mortgagor and mortgagee, invested, however, with a power of sale, in case of default, which, when properly exercised, will pass to the purchaser all the mortgagor's title and interest, together with the mortgagee's rights with respect to the security.

I believe the majority's holding that a non-acting trustee cannot bid on the trust property at a foreclosure sale exalts form over substance, given the nominal connection a trustee of a security deed of trust bears to the property prior to acting. I would affirm the ruling of the trial court.