## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Jeanblanc

v.

Oliver Carr Co. et al.

### Case No. (Chancery) 900110

By JUDGE ALFRED D. SWERSKY

### August 9, 1990

This matter is before the Court on complainant's Motion for Partial Summary Judgment as to Count VIII of the Bill of Complaint and his Motion to Compel certain discovery. The Motion for Summary Judgment must be denied and the Motion to Compel granted in part and denied in part.

Count VIII alleges a breach of fiduciary duties arising out of the transfer of trust property pursuant to an exchange agreement by which The Oliver Carr Co., trustee, acquired the trust property. Complainant relies upon a line of cases which bar a trustee from purchasing the property he holds in trust. *See, Smith v. Credico Industrial Loan Co.*, 234 Va. 514 (1987).

Carr argues that the documents relied upon by Complainant create a land trust under Code of Virginia, § 55-17.1, and that the duties and obligations of Carr as trustee under such a land trust arrangement are different from at common law. In such a trust, the power of direction remains with the beneficiaries, and the trustee may act only upon those directions. Therefore, Carr argues that, as a matter of law, there is no prohibition from the trustee acquiring the trust property. He may do so if authorized

and approved by the beneficiaries as Carr claims was done in this case.

Jeanblanc relies upon the case of *Home Federal Savings and Loan Association v. Zarkin*, 89 Ill. 2d 232, 432 N.E.2d 841 (1982), as authority for his position that the land trust arrangement (commonly referred to as an "Illinois Land Trust") does not change the common law duties of the fiduciary. No Virginia case directly in point can be found.

*Zarkin, supra,* was roundly criticized by the commentators, and the Illinois legislature acted to reverse the holding. *See*, Southern Illinois University Law Journal, Volume 1982, Number 2, *Land Trustee as Secured Creditor*, page 249; Ill. Rev. Stat., ch. 48, §§ 81-84. The reasons for the imposition of the strict common law duties as a trustee do not exist in such an arrangement as the land trust, and there is a recognized difference between the land trust and the conventional trust relationship.

This Court finds that the arrangement created in the case at bar is a land trust under the statute, and the duties of the trustee are spelled out in the documents creating the trust; that is, the trust agreement and the deed of trust. *See, Curtis v. Lee Land Trust*, 235 Va. 491 (1988).

This is not to say that the trustee in such an arrangement is free from all fiduciary duties. The Court rules today only that the trustee under such an arrangement as is presented by this case is not precluded as a matter of law from acquiring the trust property.

The Motion for Partial Summary Judgment will be denied.

Complainant's Motion to Compel answers to interrogatories and production of documents will be denied and the objections sustained as to interrogatories 2(d) and 2(e)(i). They are overbroad and inquire into any business between Carr and CNS, not simply the business dealings which are the subject matter of this suit. The documents requested in 8(a) are likewise overbroad, and the objection will be sustained; however, the request in 8(b) appears to be limited to the subject matter of this complaint. The objection to 8(b) is overruled, and the Motion to Compel granted. The Court has been advised that document request 20 has been withdrawn by counsel from consideration by the Court.

### August 15, 1990

I am in receipt of Mr. Kirk's letter regarding the procedure to be employed for filing and hearing Motions for Summary Judgment.

Efficient use of judicial resources requires that, in dealing with multiple count complaints, motions not be heard piecemeal. While I can appreciate counsel's desire for prompt resolution of these matters, I must insist all these motions not be heard one by one.

In view of the limited basis for summary judgment in Virginia (Rule 3:18), it is usual, absent a stipulation as to the facts, for discovery to be completed so that the factual basis for summary judgment appears properly of record.

If counsel agree that there are two or three issues that can be resolved and lead to an early conclusion of this matter, I would be willing to hear those motions.

### August 17, 1990

Complainant's Motion to Reconsider will be denied. I was aware at the time I ruled that the legislature of Illinois limited its statutory rectification of *Zarkin*. I am also aware and believe that I have ruled that a trustee under the Illinois Land Trust arrangement still has fiduciary duties to the beneficiary.

I thought it was clear that I ruled only that as a matter of law the trustee of such an arrangement was not precluded from acquiring the trust property as a trustee at common law.

Mr. Brooks should include the denial of the Motion to Reconsider in the order to be entered on the Court's original ruling.