## CIRCUIT COURT OF LOUDOUN COUNTY

Chase Manhattan Bank, N.A., et al.

v.

Virginia Department
of Taxation et al.

December 16, 1993

Case Nos. (Law) 12839, 12840

BY JUDGE THOMAS D. HORNE

This case is before the Court on cross motions for summary judgment. Plaintiff taxpayers assert in these consolidated actions that they are entitled to a refund of recordation and grantor's taxes erroneously assessed and paid. The taxpayers assert an exemption from taxation. At issue is a transfer by the Trustee under a deed of trust to the assignees of the noteholder. Upon default upon obligation owed the Bank, the Trustee conducted a foreclosure sale. Plaintiff Bank was the successful bidder at the foreclosure sale. At the direction of the Bank, the Trustee conveyed title to the various properties bought in by the Bank to several wholly-owned subsidiaries of the Bank to which the Bank had assigned its interest.

Plaintiffs have outlined the following issues for determination upon the respective motions for summary judgment:

1. Whether the recordation of Trustees's deeds conveying parcels of land located wholly in Loudoun County to Chase's wholly-owned subsidiaries, following foreclosure sales of such parcels at which Chase was the successful bidder and at which Chase assigned its right to purchase such parcels to its wholly-owned subsidiaries, should have been effectuated without the imposition of state recordation tax because the transfers giving rise to such deeds are exempt from imposition of state recordation taxes pursuant to Va. Code

§§ 58.1–811(A)(12) and 58.1–811(A)(9) as deeds conveying real property "to the original beneficiaries by a trustee holding title under a deed in trust" and "[t]o a subsidiary corporation from a parent corporation" in a "transaction which qualifies for nonrecognition of gain or loss under the Internal Revenue Code of 1954, as amended";

2. Whether, by reason of exemption from state recordation tax, recordation of the aforementioned Trustee's deeds should have been effectuated without imposition of state grantor tax and county recordation tax because the transfers giving rise to such deeds are exempt from state grantor tax by reason of Va. Code § 58.1–811(C) and from County recordation tax by reason of Va. Code § 58.1–814; and

3. Whether the assessment and collection of state grantor tax in an amount greater than zero upon representation for recordation of deeds transferring title to Chase's wholly-owned subsidiaries upon foreclosure sales violates the state grantor tax statute and, thus, are invalid, under circumstances where, after foreclosure sales, net deficiencies remained owing to Chase in respect of the debts previously secured by the properties sold in foreclosure.

Based upon a review of the stipulation presented by the parties and the arguments and written submissions of counsel, the Court is of the opinion that the case is ripe for summary adjudication.

Without restating many of the arguments contained in the lengthy memoranda of counsel, the Court finds that with respect to the applicability of the trust exemption contained in § 58.1-811(A)(12) to facts of the instant case, the prior opinion of the Attorney General cited by counsel, is both relevant and persuasive. The Attorney General has opined that the exemption applies to transfers arising out of a common law trust and not to a transfer by the Trustee under a deed of trust. 1987–1988 Attorney General Ann. Report, pp. 564–566. Not only is the Opinion entitled to deference upon the issue of legislative intent, it is well reasoned and persuasive. *See, Browning Ferris v. Commonwealth*, 225 Va. 157 (1983).

The Court agrees with the position of the Defendants that had the General Assembly intended to make such an exemption applicable to deeds of trust, they would have said so. As counsel have noted, the Trustee of a security deed of trust, while owing fiduciary duties to both

the debtor and the secured party, bears only a nominal connection to the property prior to acting under the terms of the trust. *Smith v. Credico Industrial Loan Company*, 234 Va. 514 (1987).

Nor does this Court find that the Clerk erred in calculating the grantor's tax owed pursuant to § 58.1–802(A), as no lien or encumbrance remained on the property when conveyed to the wholly-owned subsidiaries.

Accordingly, the Motions for Summary Judgment of the Defendants will be granted and the [Plaintiffs'] Motion for Judgment dismissed.