# CIRCUIT COURT OF FAUQUIER COUNTY

Sherri Ann Langaas

v.

Joel Robert Deem

September 14, 2012

Case No. CL10-711

By Judge Jeffrey W. Parker

The Plaintiff, Sherri Ann Langaas, filed a multi-count complaint against the Defendant, Joel Robert Deem. However, only Count I: Rescission of Deed was litigated before this Court, and will be decided on the merits at this time.

Langaas and Deem were married on August 25, 1991. They subsequently separated and entered into a Property Settlement Agreement (PSA) on July 26, 2006, which was later incorporated into their Final Decree of Divorce entered on October 25, 2006.

As a part of their PSA, in Section 3(G), Langaas received all of the parties' interest in her business operating as Black Wolf Coffee, Inc. Black Wolf operated upon leased real estate. Deem, pursuant to that same Section, received all of the parties "right, title, and interest" in his business operating as the Remington Car Wash. The Car Wash operated on real estate owned by the parties jointly, subject to a mortgage with an approximate balance of $67,000. The Husband agreed to be responsible for payment of the mortgage on the Car Wash.

There was no other reference in the PSA to the jointly held real estate upon which the Car Wash was situated. The parties stated in the PSA, Section 7, that the agreement was "a full and complete settlement of all property rights between them." They further conceded the agreement was executed "freely and voluntarily, without undue influence or coercion," Section 9, and that they would individually take "any and all steps to execute, acknowledge, and deliver" any further instruments necessary to effectuate *"the intent of the . . . agreements contained therein,"* Section 14.

(Emphasis added.) Finally, in the final Whereas clause of the PSA, they agreed that they entered into the contract "without duress or coercion . . . and each party considers the terms . . . to be fair and equitable, and not unconscionable."

On June 16, 2010, Deem filed a Petition for a Rule to Show Cause alleging *inter alia* that Langaas had failed to relinquish all of the rights in the Car Wash as required in the agreement.

On July 20, 2012, Langaas appeared *pro se* before this Judge on the Rule to Show Cause. At the hearing, Deem alleged that, in the PSA, Langaas agreed to relinquish all her interest in the Car Wash, which included her interest in the real estate. At no time during this hearing did Langaas argue that the real estate was not to be conveyed under the terms of the PSA. Instead, she asserted that Deem had not paid a certain sum of money owed to her pursuant to the agreement and that *this* was the reason she refused to execute the Deed. The Court informed her that any non-compliance by the Husband with other terms of the PSA had not been pleaded and was not before the Court and that, if there were no other uncompleted conditions to the conveyance, then she would have to sign the Deed or be held in contempt. As Langaas continued to demonstrate her unwillingness to comply, the Court made a finding of contempt, and an order was entered to that effect. Langaas signed the Deed conveying the subject property on July 20, 2010.

Thereafter, she retained counsel, who filed a Motion seeking to Vacate, Rescind, Set Aside, and Reconsider the Court's July 20, 2010, ruling. The Motion was heard by the Court on August 17, 2010. At that time, it was pointed out by Langaas through her counsel that the PSA did not *specifically* mention the real estate as being part of the Remington Car Wash. It was argued that the real estate was owned by the parties as tenants in common and was therefore not subject to the terms of the PSA. As a result, the Court vacated the portion of its July 20, 2010, Order finding Langaas in contempt, holding that the Final Decree was "not sufficiently explicit" to justify a contempt citation.

On November 2, 2010, Langaas filed the subject complaint seeking *inter alia* Rescission of the Deed. The Court received evidence *ore tenus* and argument from both sides on August 31, 2012, and took the matter under advisement. Few facts are in dispute.

At this most recent hearing, it was undisputed by the parties that the Car Wash was treated as the Husband's property. He borrowed the money to start the business and agreed to hold Langaas harmless for any outstanding debt. He agreed to pay her her share of any interest that she had from the business, including the real estate, as it existed at the time of the PSA. No sum certain was stated, but it was acknowledged to be a part of the value she received in the PSA. No argument was made that the PSA was entered into involuntarily or under duress or that its terms were unconscionable. No one

alleged that there were "after discovered assets" of either party *not* included in the PSA, or that any asset was knowingly omitted or undisclosed.

More importantly, Langaas herself testified under oath that she thought the real property portion of the Car Wash *was* included as a part of the business and therefore subject to the terms of the PSA. She did not realize the real estate transfer was not "self-executing" under the provisions of the PSA until she was contacted by Deem's counsel and asked to sign the Deed over to him. Further, Langaas had earlier, April 2009, filed a bankruptcy petition in federal court, in which she omitted her interest in the subject real estate under the belief that she no longer owned It.

## Analysis

At first blush, this entire issue appears to place the Court in a difficult position. The Petitioner, Langaas, alleges that the Court's actions at the July 20, 2010, hearing coerced her into conveying real property to Deem that she had no legal duty to convey. Pursuant to her argument, she signed the Deed under duress and, as a result, the Court should grant her the remedy of rescission.

For the Court to make a finding of legal duress sufficient to justify rescission, it must find by clear and convincing evidence that Ms. Langaas was compelled to execute the deed through one or more wrongful acts that overcame her free will and judgment. *Jacobs v. Jacobs*, 218 Va. 264, 267, 237 S.E.2d 124 (1977). The kind of duress necessary to justify rescission depends upon the facts of each case, "but the court must be controlled by a sound discretion . . . to see that right and justice are done." *Id.* (citation omitted). When all the "surrounding circumstances" are considered, it is clear that duress as discussed in the line of cases on rescission did not take place in this case.

This Court will concede for the purpose of discussion that Langaas did not willingly or voluntarily execute the Deed at the hearing on July 20, 2010. The fact that a litigant was uncooperative in implementing the terms of a Property Settlement Agreement is not unusual in this Court's experience. Frequently, the parties become disgruntled or unhappy over the terms of a PSA they previously executed and develop an unwillingness to comply with their obligations under the agreement. This "unwillingness" results in Petitions filed by litigants seeking enforcement of the PSA as incorporated in the Court's orders. At such times, the Court is often called upon to use the threat of incarceration to maintain the integrity of its orders. Initially, this case seemed no different.

It was only after the Court ruled on the contempt that it was brought to the Court's attention that transfer of the real estate on which the Car Wash operated was not explicitly provided for in the PSA.

During the hearing on this issue, it was generally conceded by all the parties that a paragraph calling for conveyance of this property was inadvertently omitted from the agreement. It had been the mutual intent of the parties for the subject real estate to be conveyed to the Husband, Mr. Deem, and for this transaction to be a part of the agreement.

To constitute duress, one's will must be constrained by the unlawful presentation of a choice between comparative evils. *Harris v. Cary*, 112 Va. 362, 71 S.E. 551 (1911) (contract procured by threat of destruction of one's property avoided on the grounds of duress); *Vick v. Siegel*, 191 Va. 731, 62 S.E.2d 899 (1951) (where one party has the possession of property and refuses to surrender it except upon compliance with an unlawful demand, a contract made under such compliance may be avoided).

However, the fact that Langaas felt "compelled" by the Court to sign the Deed is not the operative question for purposes of analysis. In reality and consistent with her testimony in Court, she felt constrained to sign the Deed as a result of her previous execution of the Property Settlement Agreement, which was a *voluntary* act obligating her to transfer the property to Deems. In the Court's view, Langaas acquiesced in the transaction, treating it as a subsisting obligation, because her intent at the time she executed the PSA *was* to convey the real estate to Deems as part of an overall settlement of their financial affairs. Were the Court to find otherwise, Langaas would receive an apparent windfall as a result of an inadvertent omission from the PSA. As set forth in the *Jacobs* case, it is up to the Court to see that "right and justice are done." Right and justice would *not* be done by avoiding the conveyance and causing still further litigation seeking rescission of the PSA and reformation of that contract to properly reflect the true intent of the parties.

Moreover, authorities are in accord that the threatened act must be wrongful to constitute duress. *Pelfrey v. Pelfrey*, 25 Va. App. 239, 487 S.E.2d 281 (1997). Consequently a threat to do what one has the legal right to do, such as foreclose or exercise the power of sale on a mortgage, is not such duress as to justify rescission of a transaction induced thereby. *Bond v. Crawford*, 193 Va. 437, 69 S.E.2d 470 (1952) (contract was not procured by duress arising from a threat to foreclose on past due deed of trust).

Deem had a right to seek conveyance of this property. While the Court will concede that the PSA was not as explicit as it should have been, the Court's actions taken at Deem's request do not constitute legal duress justifying rescission of the Deed. In any event, the Court may make the appropriate disposition of any omitted property as set forth in Sections 5 (Omitted Property clause) and 6 (Disclosure clause) of the PSA. The Court has heard sufficient evidence to justify the current disposition of the property.

As a result, the Plaintiff's requested relief in Count I is denied. Count II: Accounting and Count III: Partition will be dismissed as moot. Count IV: Detinue will be continued subject to receipt of the parties' consent Order.